Parrish M. CALHOUN, Petitioner–
Appellee,

v.

Charles M. HARRISON, Warden; M. Yarborough, Respondents–
Appellants.

No. 06–55872.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Oct. 16, 2006.

Filed March 23, 2007.

Sean K. Kennedy, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellee/Respondents–Appellants.

Tarik S. Adlai, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellee.

Kenneth C. Byrne, Esq., Jonathan J. Kline, Dag Fax, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellants.

Before: HUG, PREGERSON, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Parrish Calhoun filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking relief from his state sentence based on a constitutional claim of discriminatory use of peremptory chal-

lenges under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). District Judge David Carter granted the petition, and the State appealed. We affirm.

Excluding members of a defendant's race from a jury on the basis of their race violates the Equal Protection Clause of the Constitution. *Batson v. Kentucky*, 476 U.S. 79, 85–87, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). A *Batson* challenge involves a three-part test. First, the defendant must make a prima facie showing that a prosecutor's challenge was based on race. *Id.* at 97–98, 106 S.Ct. 1712. Second, the prosecutor must offer a race-neutral basis for the challenge. *Id.* Third, the court must determine whether the defendant has shown "purposeful discrimination." *Id.* at 98, 106 S.Ct. 1712. Our recent opinion in *Yee v. Duncan*, 463 F.3d 893 (9th Cir. 2006), requires analysis under prong three of *Batson* even where a prosecutor failed to meet his burden under prong two.

■ The district court's decision to grant a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *See Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir.2004) (per curiam). Because the district court conducted an evidentiary hearing regarding the alleged purposeful discrimination, we review the district court's factual determinations for clear error. *See United States v. Collins*, 90 F.3d 1420, 1430 (9th Cir.1996).

■ Calhoun established a prima facie case of discrimination as required under prong one of *Batson*. At trial, the Prosecutor did not provide explanations for his challenges. During habeas proceedings before the district court, the Prosecutor submitted some potential ("reconstructed") reasons in a declaration. But, at the evi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dentiary hearing before the magistrate judge, the Prosecutor stated that he did not have an independent recollection for the reasons why he exercised his peremptory challenges. He offered some additional possible reasons, which he had failed to include in his earlier declaration. The district court did not credit the reasons given by the Prosecutor, so it concluded that he did not meet his burden under prong two. *See Batson*, 476 U.S. at 97, 106 S.Ct. 1712; *United States v. Alcantar*, 897 F.2d 436, 438 (9th Cir.1990). Although the district court did not credit the Prose-cutor's hypothetical reasons, it proceeded to prong three of *Batson*. The district court concluded that the Prosecutor used his peremptory challenges in a racially-discriminatory manner. The district court did not clearly err in this determination. Thus, the decision of the district court is AFFIRMED.